IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, et al., | : | Case No. 2:25-cv-608 |
| Plaintiffs, | : | Judge Cole |
| vs. | : | Magistrate Judge Jolson |
| BLUECROSS BLUESHIELD OF ILLINOIS, et al. | : | |
| Defendants. | : | |

**PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS**

The Plaintiffs move the Court for leave to prosecute this action under pseudonyms to protect information "of the utmost intimacy." A memorandum in support of the motion is attached.

Respectfully submitted,

_____/s/ Tony C. Merry_____
Tony C. Merry        (0042471)
Trial Attorney
Law Offices of Tony C. Merry, LLC
7100 N. High Street, Suite 302
Worthington, Ohio  43085
(614) 372-7114
(614) 505-6109 [fax]
tmerry@tmerrylaw.com
Attorney for Plaintiffs

**MEMORANDUM IN SUPPORT OF MOTION**

The Plaintiffs, Jane Doe and John Doe, filed suit against an ERISA-governed medical plan and two of its fiduciaries over their failure to pay a claim for mental health treatment in accordance with plan documents and in accordance with promises made by the fiduciaries. The Plaintiffs seek leave to proceed under pseudonyms due to John Doe's age and the nature of the medical claims at issue in this case.

Although public policy generally favors public access to judicial proceedings, in certain circumstances courts may excuse plaintiffs from identifying themselves. *Doe No. 1 v. Springboro Cmty. City Sch. Dist.*, Case No. 1:19-cv-785, 2020 WL 3048191 at *2 (S. D. Ohio, June 8, 2020); *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636-37 (6th Cir. 2005). *See also Doe v. Mitchell*, Case No. 2:20-cv-459, 2020 WL 6882601 at *3 (S. D. Ohio, Nov. 24, 2020).

This Court may allow a party to proceed by pseudonym where "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The Court's broad discretion in granting permission to proceed by pseudonym is guided by the following factors: (1) whether the individuals "seeking anonymity are suing to challenge governmental activity"; (2) whether pursuit of the lawsuit "will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Id*.

The second and fourth factors are implicated in this case. The dispute in this case concerns Plaintiff John Doe's treatment at Linder Center of Hope in Cincinnati ("LCH"), where

he was hospitalized for treatment of a life-threatening mental health condition.  Even BlueCross BlueShield of Illinois, the claims administrator in this case, agreed that John Doe's medical condition was serious enough to require extensive in-patient treatment.  There can be little doubt that a mental health condition serious enough to threaten life involves "information of the utmost intimacy."

Courts readily recognize that hospitalization for mental health treatment has the potential to stigmatize even after the treatment has ended and, for that reason, permit plaintiffs litigating over insurance coverage to proceed pseudonymously:

> [T]here is substantial public interest in ensuring that cases like the Plaintiff's are adjudicated and the rights of mental illness sufferers are represented fairly and without the risk of stigmatization.  However, this goal cannot be achieved if litigants suffering from mental illness are chilled from ever reaching the courthouse steps for fear of repercussions that would ensue if their condition was made public.  Although any litigant runs the risk of public embarrassment by bringing their case and revealing sensitive facts in a public courtroom, the situation here is vastly different because Plaintiff's bipolar condition is directly tied to the subject matter of the litigation—his mental illness and the disability benefits he allegedly is entitled to as a mental illness sufferer.

*Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006).  *See also Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997) ("[T]here is substantial public interest in maintaining the confidentiality of plaintiff's name.  To start, the public has an interest in preventing the stigmatization of litigants with mental illnesses.  Further, plaintiff's identity should be protected in order to avoid deterring people with mental illnesses from suing to vindicate their rights.").

With respect to the fourth *Porter* factor, John Doe was 19 years of age at the time of his hospitalization at LCH.  He was not, therefore, a child, but he was likewise not yet fully an adult. *See, e.g.,* Ohio Revised Code §2927.02 (barring the sale of cigarettes to persons under age 21); 23 U.S.C. § 158 (The National Minimum Drinking Age Act of 1984); 18 U.S.C.

§§922(b)(1),(c)(1) (limiting sales of handguns and ammunition to persons under the age of 21). John Doe's relatively young age, therefore, also militates in favor of permitting him to proceed anonymously.

Finally, John Doe's privacy interests are inextricably intertwined with his mother's. *See, e.g., J.W. v. District of Columbia*, 318 F.R.D. 196, 199 (D.D.C. 2016) ("[W]hile Federal Rule of Civil Procedure 5.2(a) acknowledges the privacy interests of minor children by allowing parties to reference minors only by their initials, it cannot be gainsaid that this protection would be eviscerated unless the parent was also permitted to proceed using initials.") (citation and quotation omitted). *Cf. United States v. Jacobson*, 785 F. Supp. 563, 569 (E.D. Va. 1992) ("The court finds that referring to the parent witnesses by assigned pseudonyms is necessary to protect the children from harm."). Accordingly, Jane Doe should be permitted to proceed pseudonymously, as well.

Once the Defendants enter their appearances in this case or otherwise contact Plaintiffs' counsel, Plaintiffs will promptly identify themselves to the Defendant to enable the Defendants to identify the claims that are the subject of this litigation.

## CONCLUSION

The Court should issue an order permitting the Plaintiffs to proceed using pseudonyms.

Respectfully submitted,

/s/ Tony C. Merry
Tony C. Merry       (0042471)
Trial Attorney
Law Offices of Tony C. Merry, LLC
7100 N. High Street, Suite 302
Worthington, Ohio  43085
(614) 372-7114
(614) 505-6109 [fax]
tmerry@tmerrylaw.com
Attorney for Plaintiffs

4

**CERTIFICATE OF SERVICE**

I certify that the foregoing motion was filed electronically with the Court, with service thereby intended to be made on all parties of record, this 2nd day of June 2025.

                                        /s/ Tony C. Merry