IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JANE DOE, et al.,

      Plaintiffs,

  v.                                    Civil Action 2:25-cv-00608
                                        Judge Douglas R. Cole
                                        Magistrate Judge Kimberly A. Jolson

BLUECROSS BLUESHIELD OF
ILLINOIS, et al.,

      Defendants.

## OPINION & ORDER

This matter is before the Court on Plaintiffs' Motion to Proceed Under Pseudonym. (Doc. 2). For the following reasons, the Motion is **GRANTED in part and DENIED in part**. Plaintiffs are **ORDERED** to refile their Complaint, identifying them by their first names and last initials, **within seven (7) days**.

**I.    BACKGROUND**

Briefly, Plaintiffs' claims arise under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 *et seq.* (Doc. 1). As alleged, Plaintiff Jane Doe is an employe of AT&T Services, Inc. and is a participant in AT&T Umbrella Benefit Plan No. 3 (the "Plan"). (*Id.* at ¶ 1). Her dependent son, John Doe, is a beneficiary of the Plan. (*Id.* at ¶ 2). He suffers from and has been treated for mental illness for many years. (*Id.* at ¶ 9). In 2024, John Doe's condition deteriorated, and doctors recommended in-patient treatment. (*Id.* at ¶¶ 9–10 (also stating John Doe continues to be treated in some capacity for mental illness today)). Jane Doe and Defendant BlueCross BlueShield of Illinois ("BCBSI"), the claims administrator for medical benefits provided to participants and beneficiaries of the Plan, evaluated treatment facilities together. (*Id.*

at ¶¶ 5, 11). Jane Doe concluded treatment at Linder Center of Hope in Cincinnati ("LCH") was the best option. (*Id.* at ¶ 11).

LCH "operates as a private pay facility and does not accept payments from insurers." (*Id.* at ¶ 12 (alleging patients pay fees in advance then seek reimbursement from their insurers or benefit plans)). It is also an out-of-network provider under the Plan. (*Id.* ¶ 13). BCBSI representatives told Jane Doe that John Doe's treatment would be deemed medically necessary, and Jane Doe's out-of-pocket cost would not exceed $15,000. (*Id.* at ¶¶ 14–17). Ultimately, John Doe's treatment at LCH lasted less than four weeks. (*Id.* at ¶ 18). The treatment cost $47,200, which Jane Doe paid in full. (*Id.* at ¶¶ 19–20). When Jane Doe submitted the LCH bill for reimbursement, BCBSI reimbursed her for "far less than the amounts it had promised." (*Id.* at ¶¶ 21–22). Jane Doe appealed the amount to BCBSI, but her appeal was denied. (*Id.* at ¶¶ 23–26).

Plaintiffs now seek, among other things, payment of the out-of-pocket costs they incurred in excess of the Plan's out-of-pocket limitation. (*Id.* at 9; *see also id.* at ¶¶ 27–65 (bringing claims of equitable estoppel, unjust enrichment, breach of fiduciary duty, and the Mental Health Parity Act, 29 U.S.C. § 1185a)). Plaintiffs also seek to proceed under pseudonyms. (Doc. 2). The Court considers that request here.

## II.     STANDARD

Generally, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a). But, in certain circumstances, the Court "may excuse [parties] from identifying themselves." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir.

2001). To determine whether a party's privacy interests outweigh the presumption in favor of openness, the Sixth Circuit directs district courts to consider the following:

> (1) whether the [party] seeking anonymity [is] suing to challenge governmental activity; (2) whether prosecution of the suit will compel the [party] to disclose information 'of the utmost intimacy'; (3) whether the litigation compels [a party] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the [party is a child].

*Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). "It is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).

### III. DISCUSSION

According to Plaintiffs, John Doe's substantial privacy interests outweigh the presumption of disclosure of his identity. (Doc. 2). And by extension, his mother, as "John Doe's privacy interests are inextricably intertwined with his mother's." (*Id.* at 4). Plaintiffs cite the absence of prejudice, as well as the second and fourth *Porter* factors, to support their Motion. The Court considers the arguments in reverse.

Beginning with the fourth *Porter* factor, "[p]laintiffs who are children are especially vulnerable and courts routinely grant them 'a heightened protection'" via grants of pseudonymity. *Doe v. Southfield Pub. Sch.*, No. 24-10760, 2024 WL 1526084, at *1 (E.D. Mich. Apr. 8, 2024); *see also Doe v. Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d 1024, 1027 (S.D. Ohio 2021) ("Courts frequently grant protective orders to minors who challenge governmental conduct."). The same is true of parents of minor children when the child could be identified after revelation of a parent's identity. *Southfield Pub. Sch.*, 2024 WL 1526084 at *2.

Plaintiffs concede that John Doe was not a child at the time of his hospitalization at LCH—he was 19 years old. (Doc. 2 at 3). Still, Plaintiffs argue that at the time, "he was likewise not yet fully an adult." (*Id.* (citing laws restricting the sale of cigarettes, alcohol, and firearms to people under the age of 21)). Though a creative argument, the fact remains that John Doe was not a child during his hospitalization nor when he initiated this lawsuit. Plaintiffs do not provide any caselaw saying the Court may consider this factor met when the plaintiff at issue is not, in fact, a child. Therefore, this factor does not weigh in Plaintiffs' favor.

The second *Porter* factor—whether the litigation will compel Plaintiffs to disclose information of the utmost intimacy—requires more nuanced deliberation. Courts in this Circuit have noted examples of information of the utmost privacy concern include "matters of a sensitive and highly personal nature, such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *Doe v. UNUM Life Ins. Co., of Am.*, No. 3:22-CV-212-DCLC-DCP, 2022 WL 20686965, at *3 (E.D. Tenn. Sept. 20, 2022) (quoting G.*E.G. v. Shinseki*, No. 1:10-CV-1124, 2012 WL 381589, at *2 (W.D. Mich. Feb. 6, 2012)). While none of those are at play here, Plaintiffs argue that John Doe's "life-threatening mental health condition" and hospitalization is information of the utmost intimacy. (Doc. 2 at 3). And disclosing either Doe's identity would result in stigmatization of both John Doe and other litigants with mental illnesses. (*Id.*).

Up front, Plaintiffs' argument does not fit neatly into the confines of the second *Porter* factor. Stigmatization of mental illness on a grand scale does not necessarily translate to John Doe's illness being "information of the utmost intimacy." And in this Circuit, stigmatization of a mental illness, even on an individual level, has generally not been enough to push the needle in analogous circumstances. *Cf. Doe v. Carson*, No. 19-1566, 2020 WL 2611189, at *2 (6th Cir.

4

May 6, 2020) (upholding a district court's finding that "concerns about stigma and scrutiny from prospective employers do not involve 'information of the utmost intimacy'" in a case brought under the Americans with Disabilities Act)); *Koe v. Univ. Hosps. Health Sys., Inc.*, No. 22-3952, 2024 WL 1048184, at *2 (6th Cir. Mar. 8, 2024); *see also UNUM Life Ins. Co., of Am.*, 2022 WL 20686965, at *3 (noting plaintiffs must generally justify pseudonym requests with more than "generalized and unspecific fears.").

At the same time, the Court does not discount that in very limited cases, certain factual and legal allegations related to a party's medical history implicate weighty privacy concerns. For example, citing "significant privacy concerns," this Court allows claimants filing cases challenging a decision of the Commissioner of Social Security—which, by nature, involve detailed discussion of sensitive medical information—under their first name and last initial only. S.D. Ohio General Order 22-01. Those same "significant privacy concerns" debatably exist here, where John Doe's history of "life-threatening" mental illness and circumstances surrounding his in-patient treatment will undoubtedly be at the forefront of this litigation. *Cf. Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (comparing an ERISA plaintiff with severe, treatment-resistant bipolar disorder to litigants who receive abortion care or an HIV diagnosis); *Smith v. United Healthcare Ins. Co.*, No. 18-CV-06336-HSG, 2019 WL 3238918, at *7 (N.D. Cal. July 18, 2019) (allowing an ERISA plaintiff to proceed anonymously "to preserve her privacy in the sensitive area of her mental health diagnosis and treatment").

What's more, the *Porter* factors are not exclusive considerations. *See, e.g.*, *Doe v. Fedex Ground Package Sys., Inc.*, No. 3:21-CV-00395, 2021 WL 5041286, at * (M.D. Tenn. Oct. 29, 2021); *Doe v. Metro. Gov't of Nashville & Davidson Cnty.*, 694 F. Supp. 3d 1040, 1043 (M.D. Tenn. 2023); *Plaintiff v. Wayne State Univ.*, No. 20-CV-11718, 2021 WL 243155, at *7 (E.D.

5

Mich. Jan. 29, 2021). To this end, the Court also finds relevant the public's interest in "ensuring that cases like [John Doe's] are adjudicated and the rights of mental illness sufferers are represented fairly." *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997) (warning that "unscrupulous insurance companies may be encouraged to deny valid claims with the expectation that [individuals with mental illness] will not pursue their rights in court" should the plaintiff be denied leave to proceed under a pseudonym). The Court also considers that Defendants likely will not suffer any prejudice if Plaintiffs are allowed to proceed under a pseudonym because, by their own admission, Plaintiffs would promptly identify themselves to Defendants' counsel. (Doc. 2 at 4). *See Citizens for a Strong Ohio*, 123 F. App'x at 636.

On balance, this case presents a close call. Plaintiffs arguably have demonstrated only one *Porter* factor. But also weighing in their favor is the public's interest in the adjudication of this case and the lack of prejudice to Defendants. In the end, the Court finds a middle ground sufficiently balances Plaintiffs' privacy interests with the presumption in favor of open judicial proceedings. While they may not proceed as "Jane and John Doe," Plaintiffs will be permitted to proceed under their first names and last initial. *Cf. Kurt W. v. Gartner, Inc.*, No. 2:24-CV-00504, 2025 WL 589977 (D. Utah Feb. 24, 2025). The Court underscores that this decision strikes the appropriate balance between openness and privacy for this particular ERISA action. Not all ERISA actions will present the same factual or legal scenario justifying even the partial relief the Court allows here. *Cf. UNUM Life Ins. Co., of Am.*, 2022 WL 20686965, at *4 (noting that even if the Court were to consider out of circuit precedent allowing an ERISA plaintiff to proceed under a pseudonym, the plaintiff had not shown "her fears regarding her injuries carry similar stigma as someone with psychiatric disorders."). In other words, this opinion offers a measured outcome justified by the relevant considerations—not a one-size-fits-all solution.

Plaintiffs are **ORDERED** to refile their Complaint which conforms to this Order **within the next seven (7) days**. Additionally, all parties to this action are **GRANTED** leave to, in any filing in this case, redact Plaintiffs' names so only their first names and last initials are revealed. Further, because Defendants have not been served, should they wish the Court to reevaluate this decision, they may file a brief to that end **within fourteen (14) days** of counsel entering an appearance.

As a final note, the Court reminds Plaintiffs of the other avenues available to them to address additional privacy concerns, such as seeking protective orders or moving to seal filings from the public docket under *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016).

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Proceed Under Pseudonym (Doc. 2) is **GRANTED in part and DENIED in part**. Plaintiffs are **ORDERED** to refile their Complaint, identifying them by their first names and last initials, **within seven (7) days**.

Date:   June 11, 2025                /s/ Kimberly A. Jolson
                                     KIMBERLY A. JOLSON
                                     UNITED STATES MAGISTRATE JUDGE