IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BROOKE A., et al.,**

    **Plaintiffs,**

    v.                                    Civil Action 2:25-cv-00608
                                           Judge Douglas R. Cole
                                           Magistrate Judge Kimberly A. Jolson

**BLUECROSS BLUESHIELD OF
ILLINOIS, et al.,**

    **Defendants.**

## ORDER

Before the Court is Defendant Blue Cross Blue Shield of Illinois's Motion For Leave. (Doc. 20). In it, Defendant seeks to file an exhibit to its motion to dismiss under seal. (*See* Doc. 19). The exhibit encompasses transcripts of calls between Plaintiff Brooke A. and Defendant's representatives prior to Plaintiff Maxton A.'s admission to Linder Center of Hope. (*Id.* at 7). The Court has reviewed the exhibit *in camera*. While Defendant notes that the exhibit contains "confidential and sensitive personal information" (Doc. 20 at 1), it failed to engage in the proper analysis to seal the exhibit wholesale.

The Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-cv-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016)). Accordingly, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179–80 (6th Cir. 1983)). So, parties who move to seal

or redact documents must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). A moving party must also analyze "document-by-document, line-by-line" whether the materials meet this standard for sealing or redaction. *Shane Grp.*, 825 F.3d at 305–306.

Here, Defendant has not engaged in the requisite "line-by-line" analysis to justify why the exhibit should be sealed wholesale or provided any examination of *Shane Group*'s three considerations. (*See* Doc. 20). Accordingly, the Motion (Doc. 20) is **DENIED without prejudice**. Defendant is **ORDERED** to re-file its motion **within seven (7) days** of this order, explaining in detail why the exhibit should be sealed either in whole or in part. If Defendant seeks to redact only portions of the exhibit, it should send a proposed redacted version to jolson_chambers@ohsd.uscourts.gov.

IT IS SO ORDERED.

Date: September 18, 2025          /s/ Kimberly A. Jolson
                                  KIMBERLY A. JOLSON
                                  UNITED STATES MAGISTRATE JUDGE