IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BROOKE A., et al.,**

      **Plaintiffs,**

   v.                                                Civil Action 2:25-cv-00608
                                                        Judge Douglas R. Cole
                                                        Magistrate Judge Kimberly A. Jolson

**BLUECROSS BLUESHIELD OF
ILLINOIS, et al.,**

      **Defendants.**

## **ORDER**

Before the Court is Defendant Blue Cross Blue Shield of Illinois's Supplemental Motion For Leave to File Under Seal. (Doc. 22). In it, Defendant seeks to file an exhibit to its motion to dismiss under seal. (*See* Doc. 19). The exhibit ("Exhibit B") encompasses transcripts of calls between Plaintiff Brooke A. and Defendant's representatives prior to Plaintiff Maxton A.'s admission to Linder Center of Hope. (*Id.* at 7). The Court has reviewed Exhibit B and the proposed redactions *in camera*. For the following reasons, the Motion (Doc. 22) is **GRANTED**.

When considering a motion to seal, courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy"

burden of overcoming a "'strong presumption in favor of openness' as to court records." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also id.* ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Id.* at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury . . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305).

The Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp.*, 825 F.3d at 307). A court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176). In sum, to overcome "the strong presumption in favor of openness," parties who move to seal documents must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in

2

accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 637.

Here, Defendant argues good cause supports redacting portions of Exhibit B because it contains Plaintiffs' confidential and sensitive medical information and personally identifiable information. (Doc. 22). The Court agrees a compelling interest supports sealing this information. *See, e.g.*, *Hines v. Humana Ins. Co.*, No. 1:21-cv-409, 2023 WL 2562723, at *2 (S.D. Ohio Mar. 17, 2023) (collecting cases where courts found private health information warranted sealing or redacting); *Blassingame v. TriHealth, Inc.*, No. 1:21-CV-395, 2022 WL 22616543, at *2 (S.D. Ohio Apr. 28, 2022) (finding a compelling interest in protecting a party's confidential and sensitive personal medical information). What's more, the public's interest in this information does not counterbalance the compelling interest, especially because there is enough information available in the nonredacted portions of Exhibit B and the other filings in this case for the public to understand this matter. *See Doe v. Plymouth-Canton Cmty. Sch.*, No. 19-10166, 2021 WL 5541939, at *2 (E.D. Mich. Jan. 12, 2021) (allowing a plaintiff's medical information to be sealed where the public did not need to view it "to comprehend the events giving rise to [the] dispute" or the arguments made by the parties).

Finally, Defendant's request is narrowly tailored. The Court's *in camera* review of Exhibit B reveals that only confidential medical information and personally identifiable information will be hidden from the public's view.

For these reasons, the Court **GRANTS** Defendant leave to file Exhibit B under seal. (Doc. 22). It must do so within the **next five (5) days**. By that same time, Defendant is **ORDERED** to also file a redacted copy of Exhibit B to the public docket.

IT IS SO ORDERED.

Date:   September 26, 2025            /s/ Kimberly A. Jolson
                                      KIMBERLY A. JOLSON
                                      UNITED STATES MAGISTRATE JUDGE

4